UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TAL INTERNATIONAL CONTAINER
CORPORATION,

      Plaintiff,

vs.

COMERCIALIZADORA INTERNACIONAL
BANACOL S.A. and BANACOL
MARKETING CORPORATION,

      Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiff TAL International Container Corporation ("TAL" or the "Plaintiff"), by its undersigned attorneys, for its complaint against defendants Comercializadora Internacional Banacol S.A. ("CIB") and Banacol Marketing Corporation ("BMC"), alleges as follows:

### JURISDICTION AND VENUE

1. This is an action within the admiralty and maritime jurisdiction of this Court and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2. Venue is proper in this District as the defendants are doing business in the District or have tangible or intangible personal property within the District.

### THE PARTIES

3. Plaintiff TAL is a corporation organized and existing under the laws of Delaware with an office and principal place of business at 100 Manhattanville Road, Purchase, New York.

TAL is in the business of leasing cargo containers for the ocean going carriage of goods in international commerce.

4. Upon information and belief, defendant CIB is a corporation organized and existing under the laws of Colombia, with its principal place of business in Envigado, Columbia. CIB is a producer and seller of fresh fruit, including bananas.

5. CIB cannot be found within the District within the meaning of Supplemental Admiralty Rule B but upon information and belief has tangible or intangible personal property within the District. See attached Affidavit of Patrick E. Novak.

6. Upon information and belief, defendant BMC is a corporation organized under the laws of the State of Florida. BMC was at times material hereto in the business of marketing and/or selling fresh fruit, including bananas, produced by CIB.

7. Defendants CIB and BMC chartered and/or utilized ocean going cargo vessels to carry fresh fruit in international commerce and leased refrigerated cargo containers and related equipment from Plaintiff TAL for the carriage of fresh fruit aboard ocean going cargo vessels and preservation of the product in transit.

8. Upon information and belief, on December 30, 2013, Mr. Victor Enriquez Velázquez, acting in his capacity as legal representative of CIB, made a request to the Colombian Superintendence of Companies that CIB be admitted to reorganization proceedings under Colombian law.

9. Upon information and belief, on March 11, 2014, the Colombian Superintendence of Companies admitted CIB to reorganization proceedings under Colombian law.

10.   Upon information and belief, BMC's offices in Coral Gables, Florida, were closed in December 2014, at which time BMC dismissed its staff and discontinued commercial operations.

## THE LEASE AGREEMENTS

11.   TAL, BMC and CIB are parties to a certain Master Lease Agreement dated July 1, 2006, and corresponding lease addenda dated July 1, 2006, February 1, 2007, May 1, 2007 and May 1, 2008, and amendments thereto, as listed on Schedule A hereto (the "CIB-BMC Lease Agreements").

12.   TAL and BMC are parties to a certain Master Lease Agreement dated December 1, 2004, and a corresponding lease addendum dated December 1, 2004, as listed on Schedule A hereto (the "BMC Lease Agreements" and, together with the CIB-BMC Lease Agreements, the "Lease Agreements").

13.   The Lease Agreements are maritime contracts.  Under the terms thereof, defendants CIB and BMC agreed to lease certain intermodal equipment from TAL, and TAL agreed to deliver such equipment to Defendants, including 120 chassis, 50 refrigerated containers and 40 generator sets (collectively, the "Equipment"), all for use by Defendants in connection with the ocean transportation and worldwide distribution of fresh fruit products.

14.   Defendants CIB and BMC, as lessees of the Equipment, were and are obligated to pay rental, repair and other miscellaneous charges in connection with their use and possession of the Equipment, including all fines, penalties and taxes, all in accordance with the terms and conditions of the Lease Agreements.

15.   The failure by Defendants CIB and BMC to pay sums when and as due under and in accordance with the Lease Agreements constitutes a default under the Lease Agreements.

16. The insolvency of Defendants CIB or BMC, or the commencement of voluntary or involuntary bankruptcy, liquidation, insolvency or reorganization proceedings by or against such Defendant, constitutes a default under the Lease Agreements to which such Defendant is a party.

17. Upon occurrence of a default under the Lease Agreements, the right of the defaulting Defendant to possess the Equipment terminates and TAL has the corresponding right to take immediate possession of such Equipment.

18. The Lease Agreements are governed by the laws of the State of New York.

## FIRST CAUSE OF ACTION

[Breach of Lease Agreements – Rental Payments]

19. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

20. Defendants CIB and BMC have breached the CIC-BMC Lease Agreements by failing to pay rental charges due to TAL on unreturned Equipment, despite due demand therefor. Such unpaid rental charges total $38,584.00 for the period December 2014 through May 2015, exclusive of interest, late fees and costs, and are continuing to accrue at the rate of $113.05 per day.

21. Defendant BMC has breached the BMC Lease Agreements by failing to pay rental charges due to TAL on unreturned Equipment, despite due demand therefor. Such unpaid rental charges total $13,892.00 for the period December 2014 through May 2015, exclusive of interest, late fees and costs, and are continuing to accrue at the rate of $92.00 per day.

22. By reason of the foregoing, Plaintiff has sustained damages in an amount not less than $52,476.00 through May 31, 2015, as near as can now be determined, plus late fees, interest, costs and attorneys' fees.

## SECOND CAUSE OF ACTION

[Breach of CIB-BMC Lease Agreements – Repair Charges]

23. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

24. Following demands made by TAL beginning on March 18, 2014, Defendants CIB and BMC have returned to TAL various Equipment previously leased under the CIB-BMC Lease Agreements. Upon inspection and survey, such Equipment was determined to be damaged and not compliant with the return conditions as set forth in the CIB-BMC Lease Agreements.

25. Repair charges billed to Defendants CIB and BMC in connection with damaged Equipment returned to TAL total $604,815.53 as of June 25, 2015. Defendants CIB and BMC have failed and refused to pay such repair charges in accordance with the CIB-BMC Lease Agreements, despite due demand.

26. By reason of the foregoing, Plaintiff has sustained damages in an amount not less than $604,815.53, through June 25, 2015, as near as can now be determined, plus late fees, interest, costs and attorneys' fees. Additional repair charges are reasonably anticipated in connection with damaged Equipment that has been recently returned to TAL under the CIB-BMC Lease Agreements.

## THIRD CAUSE OF ACTION

[Breach of Lease Agreements – Unreturned Equipment]

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

28. Defendants CIB and BMC have failed and refused to return to TAL 25 units of Equipment, consisting of 20 generator sets, three chassis and two refrigerated containers, previously delivered by TAL to Defendants CIB and BMC under the CIB-BMC Lease Agreements (the "CIB-BMC Unreturned Units"), despite various demands made by TAL beginning on or about March 18, 2014.

29. Defendants CIB and BMC are jointly and severally obligated to return the CIB-BMC Unreturned Units to TAL or pay the depreciated replacement value thereof. The depreciated replacement value of the CIB-BMC Unreturned Units is $216,580.00.

30. Defendant BMC has failed and refused to return to TAL 20 generator sets previously delivered by TAL to BMC under the BMC Lease Agreements (the "BMC Unreturned Units"), despite various demands made by TAL beginning on or about March 18, 2014.

31. BMC is obligated to return the BMC Unreturned Units to TAL or pay the depreciated replacement value thereof. The depreciated replacement value of the BMC Unreturned Units is $155,000.00.

32. By reason of the foregoing, Plaintiff has sustained damages in an amount not less than $371,580.00, through May 31, 2015, as near as can now be determined, plus late fees, interest, costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

[Conversion of Equipment]

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 17 and paragraphs 27 - 30 of this Complaint as if fully set forth herein.

34. Defendants CIB and BMC continue to unlawfully possess the CIB-BMC Unreturned Units, despite repeated demands by TAL for their return. The unlawful possession of the CIB-BMC Unreturned Units has interfered with the possession, use and enjoyment of the CIB-BMC Unreturned Units by Plaintiff and Plaintiff's property rights therein.

35. Defendant BMC continues to unlawfully possess the BMC Unreturned Units, despite repeated demands by TAL for their return. The unlawful possession of the BMC Unreturned Units has interfered with the possession, use and enjoyment of the BMC Unreturned Units by Plaintiff and Plaintiff's property rights therein.

36. By reason of the foregoing, Plaintiff has sustained damages in an amount not less than $604,815.53, as near as can now be determined, plus late fees, interest, costs and attorneys' fees.

**WHEREFORE**, Plaintiff TAL International Container Corporation demands judgment as follows:

A. That process in due form of law may issue against the Defendant Banacol Marketing Corporation, citing them personally to appear and answer all and singular the matters aforesaid;

B. That Process of Maritime Attachment and Garnishment be issued by the Clerk of Court pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure providing for the attachment of all tangible and

intangible personal property of Defendant Comercializadora Internacional Banacol S.A. in the amount of $859,979.53, the amount sued for, together with interest, costs and disbursements, if such Defendant cannot be found within the District;

C. That this Court shall pronounce judgment in favor of Plaintiff TAL International Container Corporation against Defendants Comercializadora Internacional Banacol S.A. and Banacol Marketing Corporation, jointly and severally, in an amount not less than $859,979.53, plus interest, costs and attorneys' fees, for its damages as aforesaid;

D. That this Court shall separately pronounce judgment in favor of Plaintiff TAL International Container Corporation against Defendant Banacol Marketing Corporation, in an amount not less than $168,892.00, plus interest, costs and attorneys' fees, for its damages as aforesaid; and

E. That this Court may grant to Plaintiff such other and further relief as may be just and proper.

Dated: June 30, 2015
Miami, Florida

Respectfully submitted,

/s/ Patrick E. Novak
**PATRICK E. NOVAK**
Florida Bar No.: 838764
pnovak@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Plaintiff***

and

**JOHN E. BRADLEY**
**CHARLES J. NERKO**
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, New York 10019
Telephone: (212) 407-7700
Faxfax: (212) 407-7799
E-mail: jbradley@vedderprice.com
*Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK           )
                            )   ss.:
COUNTY OF WESTCHESTER       )

MARC A. PEARLIN, being duly sworn, deposes and says:

I am Vice President, General Counsel and Secretary of TAL INTERNATIONAL CONTAINER CORPORATION, the Plaintiff in this action. I have read the foregoing complaint and know the contents thereof, and the same is true to the best of my knowledge, information, and belief. The sources of my information and the grounds for my belief are corporate records and communications maintained by the Plaintiff in the ordinary course of business.

_____
Marc A. Pearlin

Sworn to and subscribed before
me this 26th day of June, 2015.

_____
Notary Public

SUSANNE C. SMITH
Notary Public, State of New York
No. 4969047
Qualified in Dutchess County
Commission Expires July 9, 2018